**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MUNICIPAL CLAIMS MANAGEMENT SERVICES INC.<br><br>Plaintiff<br><br>v.<br><br>ASOCIACIÓN DE RESIDENTES CAMINITO INC.; TRIPLE S- PROPIEDAD INC.<br><br>Defendants | CIVIL NO.<br><br>(Collection of Monies)<br><br>JURY TRIAL DEMANDED |

**TO THE HONORABLE COURT:**

Comes now Municipal Claims Management Services Inc. a Florida corporation through its legal representation and very respectfully states and prays:

**I.   NATURE OF THE CLAIM**

1. Through this collection of monies suit, Municipal Claims Management Services Inc. ("MCMS" or "Plaintiff") intends to collect a debt of fees for the services it provided to the Defendant Asociación de Residentes de Caminito Inc. ("Caminito") for an amount of not less than $189,850.00 plus interest and reasonable attorneys' fees. The amount is owed by Caminito pursuant to the provisions of a written contract between these parties that Caminito has breached by failing to pay MCMS for the services rendered despite the numerous extrajudicial claims that MCMS has made.

**II.   JURISDICTION AND VENUE**

2. Because the parties are citizens of different states, this Honorable Court has diversity jurisdiction over this claim under 28 U.S.C. § 1332(a)(2). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Plaintiff MCMS, a citizen of State of Florida and Defendant Caminito, which is a citizen of Puerto Rico.

3. MCMS also claims supplemental jurisdiction over the causes of action pleaded under the laws of the Commonwealth of Puerto Rico, as claims are so closely related to other issues in the instant actions that they belong to the same case or controversy, and over which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1367.

4. Venue is proper in this Court under 28 U.S.C. $ 1391(b)2). The parties are doing business in Puerto Rico and the claims alleged in this Counterclaim arose in this district. Caminito has its main offices in San Juan, Puerto Rico.

**III.   THE PARTIES**

5. The appearing Plaintiff MCMS is a corporation registered in the State of Florida, United States with main offices at 9780 East Indigo Street, Suite 301 Miami, Florida 33157.

6. The principal of MCMS is Enrique Rodríguez, also known as Henry Rodríguez, (hereinafter "Rodríguez").

7. MCMS provides appraising claims services which are usually used to support property damage claims against insurers.

8. Caminito is a domestic corporation organized under the laws of the Commonwealth of Puerto Rico, registered at the Registry of Corporations Department of State of Puerto Rico under number 328236. It operates as the association of the residents of Condominio Caminito, a residential complex located in the Municipality of Gurabo, Puerto Rico.

9. On information and belief, it is alleged that the physical address of Caminito's offices is 29 Carr. 189 Gurabo, Puerto Rico 00778 and its postal address is 29 Carr. 189 STE ADM, Gurabo, Puerto Rico 00778-3089.

10. On or around September 2017, Caminito filed a claim with Triple S Propiedad Inc. pursuant to the terms of the Property insurance policy No. 30-CP-81086688 to Caminito, for the compensation of the property damages caused by Hurricane María in the residential complex it manages in Gurabo.

11. Triple S Propiedad Inc. ("Triple S) is a domestic corporation organized under the laws of the Commonwealth of Puerto Rico, registered at the Registry of Corporations Department of State of Puerto Rico under register number 482. On information and belief, it is alleged that both its physical and postal addresses is Triple-S Plaza Building. 1510 F. D. Roosevelt Ave., Guaynabo, PR 00968.

12. Triple S is a casualty insurer authorized by the Office of the Commissioner of Insurance to do business in Puerto Rico.

13. Triple S issued Policy No. 30-CP-81086688 to Caminito. That policy covers the property losses that Caminito suffers on its premises under the terms and conditions of the policy.

14. Triple S is only brought to this suit because its insured, Caminito assigned to MCMS the monies that Triple S will pay to Caminito to compensate for Claim No. 1353205 to the extent of the amount of fess owed by Caminito to MCMS concerning the services provided by the latter related to the above-described claim.

**IV. FACTS**

15. On or September 2017 Caminito filed Claim No. 1353205 against Policy No. 30-CP-81086688 issued by Triple S to request coverage and compensation for the damages experimented on its property in Gurabo, because of the passage of Hurricane María.

16. MCMS was retained by the Defendant Caminito as the Appraiser ("Appraiser") for the damages that are the subject of Claim No. 1353205 filed by Caminito with Triple S.

17. To that effect, Caminito and MCMS) executed an agreement tittle *Appraisal Contract* dated July 15, 2019.

18. Pursuant to the terms of the *Appraisal Contract*, Caminito appointed MCMS to be its agent and representative on the claim described above.

19. Through the agreement Caminito specifically authorized and appointed MCMS as its appraiser pursuant to the policy, a task which includes Caminito's representation in the "Appraisal Process".

20. The appraisal process is an Alternate Dispute Resolution, used by insurers and insured to resolve disagreements when the Carrier and Policyholder do not agree on the amount of loss.

21. In Puerto Rico, the Appraisal Process is regulated by Puerto Rico Law 242-2018 and the Guidelines enacted by the Office of the Commissioner of Insurance of Puerto Rico through CN-2019-248-D, dated March 20, 2019.

22. Because Caminito and Triple S did not reach an agreement concerning the amount of the payment for compensation of the above-mentioned claim, on or around August 29, 2019, Caminito filed a Request for Appraisal Proceeding.

23. Mr. Rodríguez represented Caminito as an Appraiser during the Appraisal Process that was presided by Arbitrator Daniel Santiago.

24. In addition to its representation and work in the Appraisal Process, MCMS carried out and executed other endeavors for Caminito both prior and after the Appraisal Process related to the appraisal and valuation of the property damages sustained by Caminito and the preparation of

Claim No. 1353205 against Policy No. 30-CP-81086688 issued by Triple S and its representation before the insurer as well.

25. The *Appraisal Process* culminated with an *Award* dated October 17, 2020, issued by Arbitrator Daniel Santiago and signed both by Mr. Santiago and Henry Rodríguez.

26. In the *Appraisal Award* issued after the culmination of the *Appraisal Process* the damages experimented by Caminito that Triple S must pay as compensation for Claim No. 1353205 are valued at $2,110,375.94.

27. In the *Appraisal Contract* executed between MCMS and Caminito, the latter agreed to pay MCMS for its appraisal services at the hourly rates established in the agreement for the different services, with a maximum of 10% of the compensation established in the "*Appraisal Award*".

28. Under the terms of the *Appraisal Contract* Caminito also covenant to pay the costs and expenses incurred by MCMS in the provision of services, including the subcontracting of professionals such as engineers, architects, and other experts whose services were required to provide the contracted services.

29. Pursuant to the terms of the *Appraisal Contract*, Caminito agreed to pay MCMS the fees for its service within five (5) days following the presentation of the Invoice for the services rendered by the appearing party under the agreement. To that effect the contract provides:

> Municipal Claims Management Services, Inc. will be paid within five days from when the invoice is presented, or the appraisal award is ready to be signed.

30. On December 11, 2019, MCMS issued and forwarded Caminito an invoice for the services provided pursuant to the Appraisal Contract.

31. The invoice is for $189,850.00 dollars.

32. The amount of the invoice corresponds to the fees for the services (per hour) provided by MCMS to Caminito, less several discounts applied by MCMS as a courtesy to Caminito.

33. In the *Appraisal Contract* Caminito assigned to MCMS the amount of the compensation payment that will be made by Triple S in payment of Claim No. 1353205 against Policy No. 30-CP-81086688 issued by Triple S up to the amount owed by Caminito to MCMS for its services.

34. The assignment contained in the Appraisal Contract was executed by Caminito to guarantee its payment for the collection of the monies owed to MCMS for the services provided.

35. Concerning this assignment, the *Appraisal Contract* provides:

> The insured herby [sic] irrevocably assigns Municipal Claims Management Services, lnc. that portion of the insurance proceeds sufficient to pay MCMS's fee as determined in accordance with the terms of this agreement.

36. Pursuant to the Appraisal Contract Defendant Caminito owes MCMS $189,850.00 for the services rendered by MCMS.

37. Caminito has not paid the fees it owes to MCMS for the services agreed in the Contract, even though the debt is liquid and payable.

38. MCMS has made numerous extrajudicial claims to Caminito to demand compliance with its obligation to pay what it owes to MCMS in accordance with the terms of the Appraisal Contract.

39. Despite these claims, Caminito has failed to pay MCMS what it owes for the services provided pursuant to the Appraisal Contract.

**V.     CAUSE OF ACTION** (Breach of Contract and Collection of Monies)

40. 2Allegations put forth at all previous paragraphs of the present Complaint are repeated, realleged and incorporated to this section of the Complaint.

41. Regarding the consequences of the non-payment by Caminito of the fees owed to MCMS, the *Appraisal Contract* provides:

> In the event of any collections [are] necessary from default of payment, the insured agrees to pay all legal expenses, including attorney's fees and interest allowed by law, whether or not litigation is brought.

42. Pursuant to the above provision, Caminito also owes MCMS legal interest on the principal amount owed to MCMS starting from December 17, 2019.

43. Because its failure to timely pay what it owes to MCMS Caminito is also obligated to pay the attorney fees incurred by MCMS to collect the debt.

44. Pursuant to the assignment to MCMS of the compensation for claim number 1353205 that Caminito made (up to the amount of the payment of fees and expenses), Triple S has the obligation to retain and forward MCMS the amount owed by Caminito from any payment to be disbursed to Caminito in compensation of said claim.

45. On April 12, 2022, the undersigned, on behalf of MCMS, sent a letter to Triple S to the attention of its Director of the Claims Division, Juan Eliza, Esq.

46. In the above-described letter Triple S is notified of the right of MCSM as assignee of the compensation to be paid to Caminito up to the amount of the credit that the appearing party has

under the Appraisal Contract.

47. The letter further requires Triple S to withhold and remit to MCMS 10% of the amount of the "Appraisal Award" from the amount it pays to Caminito as insured in compensation for the claim no. 1353205 described above, presented by Caminito.

48. Article 1233 of the Puerto Rico Civil Code of 2020, 31 Laws of PR Ann §9754 provides:

**9754-Binding force**

What is agreed in the contracts has the force of law between the parties, their successors and before third parties in the manner provided by law.[1]

49. Art. 1074 of the Puerto Rico Civil Code of 2020, 31 Laws of PR Ann § 9009 provides:

**9009- Covenants to give sums of money**

Payment of money debts must be made in the agreed kind and, and if it is not possible to deliver the specie, in the currency of legal tender in Puerto Rico. The delivery of negotiable instruments in payment of an obligation, produces the effects determined by law.[2]

50. Art.1080 of the Puerto Rico Civil Code of 2020, 31 Law of PR Ann §9015 provides:

**9015. Non-compliance (Breach)**

If the person required to do something does not do it or, if by doing it contravenes the tenor of the obligation, the obligation will be executed at the expense of the debtor. The creditor can also demand that the wrong caused be undone.[3]

51. Art. 1158 of the Puerto Rico Civil Code of 2020, 31 Laws of PR Ann §9303 provides:

**9303- Indemnification**

The person who in any way contravenes the tenor of his obligation, must compensate the damages caused.[4]

52. Art. 1075 of the Puerto Rico Civil Code of 2020, 31 Laws of PR Ann § 9010 provides:

**9010- Interest**

Interest is compensatory if it constitutes consideration for the use of money. When interest is to be paid without the contracting parties having fixed the rate, the debtor must pay the statutory interest.[5]

53. Pursuant to the legal provisions previously cited, Caminito owes MCMS $189,850.00, plus legal interest from December 17, 2019, and attorney's fees.

**VI. TRIAL BY JURY**

54. MCMS hereby requests trial by jury on all issues presented in the Complaint.

---

[1] Translation ours.
[2] Translation ours.
[3] Translation ours.
[4] Translation ours.
[5] Translation ours.

**WHEREFORE**, the Plaintiff Municipal Claims Management Services Inc. very respectfully requests to this Honorable Court to grant relief as follows:

i. Determine that Caminito owes MCMS the principal amount of $189,850.00, plus the applicable legal interest from December 17, 2019, until the date of payment as per the schedule enacted by Puerto Rico's Office of the Commissioner of Financial Institutions and enter Judgment requiring Caminito to pay such amounts.

ii. Order Triple S to retain and forward to MCMS all amounts owed by Caminito to MCMS from the payment or payments it will make in compensation to Caminito for claim number 1353205 as per the terms and conditions of Policy No. 30-CP-81086688 and the assignment made by Caminito to MCMS of those proceeds.

iii. Award Plaintiff MCMS any sums it has paid or will incur in the future to collect its credit including interests, expenses, costs, attorney's fees, and costs, to the fullest extent allowed by law

iv. Grant such other relief as may be just and equitable in the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of May 2022.

BUFETE MORALES CORDERO, CSP
Attorneys for Municipal Claims Management Services Inc.
P.O. Box 363085
San Juan, Puerto Rico 00936-3085
Tel. (787) 624-4299 / Fax. (787) 777-1410
bufetemoralescordero@gmail.com

**S/ JESÚS R. MORALES CORDERO**
USDC-PR 210609